IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIANNE R. PALMA, | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Civil Action No. 06-910 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
|     Defendant. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the defendant's motion for summary judgment (Docket No.11) be granted; that the decision of the Commissioner of Social Security be affirmed and that judgment be entered accordingly.

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On July 14, 2006, Marianne R. Palma, by her counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on January 15, 2004 (R.46-48, 309-312). Benefits were denied on June 4, 2004 (R.34-38, 314-318).

On July 7, 2004, the plaintiff requested a hearing (R.39), and pursuant to that request a hearing was conducted on November 29, 2005 (R.319-347).  In a decision filed on March 28, 2006, an Administrative Law Judge denied benefits (R.9-18).  On March 31, 2006, the plaintiff requested reconsideration of this determination (R.7-8), and upon reconsideration, and in a decision dated May 25, 2006, the Appeals Council affirmed the prior decision (R.4-6). The instant complaint was filed on July 14, 2006.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on November 29, 2005 (R.319-347), the plaintiff appeared with counsel (R.321), and testified that she was born on July 10, 1965 (R.323); that she graduated high school and can read and write (R.325); that she worked as a waitress and deli worker (R.326-327) and that she is receiving public assistance (R.324).

The plaintiff also testified that she has had a cocaine dependency problem since 1992 (R.327-328); that she experiences carpal tunnel syndrome, asthma, emphysema, H.I.V., depression and hepatitis C (R.328-336); that she is able to perform some household chores (R.337) and that she spends most of her day laying around (R.338).

At the hearing a vocational expert was called upon to testify (R.343-346). She described the plaintiff's past work as light semi-skilled work (R.343-344). The witness was asked to assume a person of the plaintiff's age, education and work experience who was limited to simple medium work activity who experienced difficulties in working with people and maintaining concentration, persistence and pace and testified that such an individual could not be gainfully employed (R.344-346).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ...

3

"work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

\* \* \*

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is

> permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was hospitalized at Mercy Hospital from December 11, 2003 through December 15, 2003 for an adjustment disorder with depression. The plaintiff was also diagnosed with cocaine dependence, H.I.V., asthma and alcohol abuse. Detoxification from medication was attempted (R.96-105).

The plaintiff was treated by Dr. Bruce W. Dixon between December 3, 2003 and January 14, 2004 following a positive H.I.V. test. It was noted that she could occasionally lift up to 100 pounds, and stand, sit or walk without limitation (R.106-110).

The plaintiff was treated by Dr. P.P. Chengappa between September 16, 1995 and March 4, 2004 for hemorrhoids, carpal tunnel syndrome, right forearm cellulitis and H.I.V. (R.111-134).

In a report of an examination conducted on March 5, 2004, Dr. Nosratollah Danai diagnosed H.I.V., depression and asthma. It was noted that the plaintiff could occasionally lift ten pounds, stand or walk for up to two hours and sit for up to four hours (R.135-144).

In a report of a March 23, 2004 examination, Steven Pacella, Ph.D. diagnosed cocaine dependence, adjustment disorder with depressed mood, alcohol dependence, personality disorder, asthma, hepatitis C and H.I.V.  He concluded that the plaintiff was "able to work within a schedule, attend to a task and sustain a competitive routine" (R.146-150).

In a report of an examination conducted on April 18, 2004, Dr. Nosratollah Danai diagnosed asthma, H.I.V. hepatitis C  and depression. It was noted that the plaintiff could occasionally lift ten pounds, stand or walk up to two hours and sit up to four hours (R.151-164).

In a report of a psychiatric review completed on May 21, 2004 by Douglas Schiller, Ph.D. affective, personality and substance addiction disorders were noted. It was also observed that these limitations did not meet the disability listings requirements (R.165-182).

After reviewing the medical evidence and in a residual functional capacity assessment completed on May 26, 2004, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and stand, walk or sit for about six hours (R.27-33).

The plaintiff was treated at Mercy Behavioral Health between December 23, 2003 and June 24, 2004 for depression and cocaine and alcohol dependence (R.183-194).

The plaintiff was treated at the Allegheny County Health Department between December 3, 2003 and June 27, 2004 for depression, anxiety, asthma, carpal tunnel syndrome, crack cocaine abuse and H.I.V (R.195-215).

The plaintiff was treated at the Falk Clinic on August 27, 2004 for H.I.V., depression and cocaine dependence (R.305-308).

The plaintiff was treated at Southside Hospital on September 12, 2004 for depression and detoxification. Her drug use was said to be "heavy". She was discharged to a psychiatric hospital (R.216-236).

The plaintiff was hospitalized at Mercy Hospital from September 13, 2004 to September 15, 2004 for depression, cocaine and alcohol dependence, H.I.V. and asthma. At that time she had a $200/day crack addiction and was consuming 5 to 10 pitchers of beer. She was treated with therapy and medication (R.237-244).

The plaintiff was treated at the Falk Clinic between August 6, 2004 and December 2, 2004 for H.I.V. depression and cocaine dependence (R.245-302).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of

residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

>Based on the evidence presented, the Commissioner concluded:
>
>The record shows that the claimant is HIV positive, however there is no indiction this status imposes any significant vocational limitations. Therefore, it is not severe ...
>
>The claimant's mental condition does not cause limitation of listing level severity... Although the claimant's symptoms meet the criteria for listing 12.04, there is no indication that she is markedly limited in her ability to tolerate stress, function socially, concentrate or perform activities of daily living. Therefore, the listing is not met. Further ... the claimant's depression is secondary to substance abuse.
>
>Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the exertional demands of medium work that does not expose her to vibration, moving machinery, fumes, dust, gasses, wetness, humidity, or poor ventilation.
>
> * * *
>
>The undersigned finds the hypothetical posed to the vocational expert contained substance abuse limitations. Given the claimant's history and continued use (despite her testimony that she is in remission) of drugs and alcohol the undersigned finds it to be material to the issue of disability. The record fails to reveal any significant limitations that would preclude[] the claimant's sustained performance of medium work (her asthma is controlled [with] medication and her depressive symptoms are second to her substance abuse). Given her age ...

education... and work experience ... the medical-vocational rules would direct a finding of "not disabled."

Based on the claimant's active substance abuse, the undersigned rejects the testimony of the vocational expert, the undersigned concluded that considering the claimant's age, education, work experience, and residual functional capacity, the claimant's substance abuse is material to the issue of disability and absent that she would be capable of medium work.

* * *

The claimant has been under a "disability," as defined in the Social Security Act, from December 8, 2002, through the date of this decision ... **however, because substance abuse is material to the issue of disability, she is not eligible for benefits** (R.15-17)( emphasis added).

The record demonstrates that the plaintiff suffers from a number of infirmities, and that but for her substance abuse might indeed be determined to be disabled. However, because the record supports the conclusion of the Commissioner that the severe abuse of both alcohol and cocaine are material to her disability, she is not entitled to benefits.42 U.S.C. 423(d)(2)(c), Torres v. Chater, 125 F.3d 166 (3d Cir.1997).

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within thirteen (13) days after being served with a copy , any party may serve and file written objections to the Report and Recommendation.  Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                           Respectfully submitted,

Dated: January 30, 2007                             s/Robert C. Mitchell,
                                                           United States Magistrate Judge